# FOR PUBLICATION



FILED

Oct 10 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**AMY O. CARSON**
**ASHLEY BALICKI**
Mitchell & Associates
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JORDYN KATZMAN MCAFEE**
Katzman & Katzman
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN C. STONE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-DR-820 |
| | ) | |
| JENNIFER M. STONE, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robyn L. Moberly, Judge
The Honorable Kimberly D. Mattingly, Magistrate
Cause No. 49D05-1110-DR-40396

**October 10, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BARNES, Judge**

Kevin Stone ("Father") petitions for rehearing following our decision in Stone v. Stone, 991 N.E.2d 992 (Ind. Ct. App. 2013). Among other issues raised by Father on appeal was whether the trial court erred in ordering his visitation with his daughter to be supervised. We declined to address this issue on the merits, finding it to be moot upon Jennifer Stone's ("Mother") submission of a recent court-approved agreement by the parties granting unsupervised visitation to Father in accordance with the Indiana Parenting Time Guidelines. We stated in part that Father had not filed a reply brief arguing that the issue of supervised parenting time was not moot. Stone, 991 N.E.2d at 998 n.2.

We now acknowledge that Father did, in fact, file a reply brief arguing that the issue of supervised parenting time was not moot, which brief erroneously was not considered by us. Regardless, after considering both Father's reply brief and his rehearing petition, we remain convinced that Father's supervised visitation argument is moot. "Typically, the doctrine of mootness leads courts to decline to address the merits of claims that have otherwise been resolved." Horseman v. Keller, 841 N.E.2d 164, 169-70 (Ind. 2006). "A case becomes moot when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no effective relief can be rendered to the parties." Save Our School: Elmhurst High School v. Fort Wayne Community Schools, 951 N.E.2d 244, 246 (Ind. Ct. App. 2011), trans. denied. Indiana courts may choose to adjudicate a moot claim if it involves a matter of great public importance and there is a possibility of repetition of similar claims. Id. at 246-47.

2

Here, Father does not argue that Mother misrepresented the settlement agreement regarding visitation. Thus, the fact remains that the trial court's earlier ruling regarding supervised visitation is no longer in effect. We cannot grant Father effective relief regarding visitation because he already has obtained the relief originally sought on appeal with respect to restriction of his visitation rights. And, even if the earlier supervised visitation ruling imposed a personal stigma upon Father as he claims, it does not involve a matter of great public importance. We have remanded for the trial court to conduct a new custody hearing because of its abuse of discretion in denying Father's continuance request. If the trial court were to reimpose supervised visitation upon Father based on evidence presented at that hearing, or any other hearing, it would present entirely new grounds for appeal based on a different evidentiary record than we are presented with at this time.

With the above observations and acknowledgment that Father did in fact file a reply brief in this case, we grant rehearing but reaffirm our original opinion in all respects.

NAJAM, J., and BAILEY, J., concur.