**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 02 2014, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**DAVID A. SMITH**
McIntyre & Smith
Bedford, Indiana

ATTORNEY FOR APPELLEES:

**JAMES G. PITTMAN**
Pittman, Emery & Nikirk
Bedford, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DENNY GENE INMAN and )
LOIS INMAN, )
)
    Appellants-Defendants, )
)
        vs. )   No.  47A04-1402-PL-80
)
CHARLES L. TURNER and )
JENNIFER C. TURNER, )
)
    Appellees-Plaintiffs. )

APPEAL FROM THE LAWRENCE CIRCUIT COURT
The Honorable Andrea K. McCord, Judge
Cause No. 47C01-0910-PL-1270

**October 2, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Denny Inman appeals the judgment of the trial court finding that he failed to establish all of the elements of his claim of adverse possession by clear and convincing evidence. Finding that the trial court's judgment is not clearly erroneous, we affirm.

FACTS

Denny Inman and Charles Turner own two adjacent parcels of land in Lawrence County several miles north of Bedford. The parcels are rectangular and approximately two acres each. Inman's parcel lies to the west of Turner's. A fence runs from north to south through Turner's parcel, dividing it approximately in half.

In October 2009, Turner and his wife filed a complaint to quiet title concerning land adjacent to theirs that is not the subject of this appeal. In December 2009, Inman filed a counterclaim against Turner for adverse possession of half of Turner's parcel. Inman claimed that he had adversely possessed the half of Turner's parcel that ran from the edge of Inman's parcel eastward to the fence that divided Turner's parcel in half.

A bench trial was held and the trial court found that Inman had failed to meet his burden of proving the elements of adverse possession by clear and convincing evidence. Inman now appeals.

DISCUSSION AND DECISION

When reviewing claims tried without a jury, this Court will not set aside the findings and judgment unless clearly erroneous, and due regard will be given to the trial court's ability to judge the credibility of the witnesses. Ind. Trial Rule 52(A). A judgment will only be deemed clearly erroneous if there "is no evidence supporting the

2

findings or the findings fail to support the judgment." Chidester v. City of Hobart, 631 N.E.2d 908, 910 (Ind. 1994). "In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made." Yanoff v. Muncy, 688 N.E.2d 1259, 1262 (Ind. 1997).

In Indiana, the doctrine of adverse possession entitles a person without title to obtain ownership of a piece of land upon proof of control, intent, notice, and duration. Fraley v. Minger, 829 N.E.2d 476, 486 (Ind. 2005). The adverse possessor must also pay all taxes that he reasonably believes in good faith to be due on the property during the period he claims to have adversely possessed the property. Ind. Code § 32-21-7-1. The burden is on the claimant to establish all the elements of a claim of adverse possession by clear and convincing evidence. Fraley, 829 N.E.2d at 483. Consequently, if we determine that the trial court reasonably could have found that Inman failed to prove any of the elements of a claim of adverse possession by clear and convincing evidence, we will affirm. Although a discussion of the trial court's findings and conclusions on every element is not required here, we will consider each briefly.

In order to establish adverse possession, Inman was first required to show that he exerted control over the land. Control, in this sense, means "a degree of use and control over the parcel that is normal and customary considering the characteristics of the land[.]" Id. at 486. Inman claims that he proved this element by testifying that he farmed the land and kept cattle on the land. Appellant's Br. p. 15. However, the trial court

3

found that "Inman did not offer photographs showing farming activities in the past or livestock on the property" and that he "did not offer any tax records or other documents to show farming activities that occurred on the [land] for any period of time." Appellant's App. p. 12. The trial court also found that Inman's use of the land was not exclusive, noting that the Turners also "used the land for personal enjoyment by driving recreational vehicles on the land and hunting." Appellant's App. p. 20. Thus, the evidence before the trial court supported its conclusion that Inman failed to prove the element of control.

Inman was next required to show "intent to claim full ownership of the tract superior to the rights of all others, particularly the legal owner[.]" Fraley, 829 N.E.2d at 486. Inman claims that he proved this element by testifying that he believed he owned the land and that he at one point told this to Turner. Appellant's Br. p. 15. The trial court found otherwise, noting that the only evidence Inman produced concerning his intent was his own testimony regarding his subjective belief that he owned the land. As it was the trial court's province to assess the credibility of witnesses, we will not second guess its conclusion here.

Inman was also required to show that his actions with respect to the land were "sufficient to give actual or constructive notice to the legal owner of [his] intent and exclusive control[.]" Fraley, 829 N.E.2d at 486. Inman again points to his testimony concerning his farming of the land as well as his testimony that he at one point told Turner that he believed he owned the land. However, because the trial court had already

4

found that Inman failed to show that he controlled the land or that he intended to do so, there was no need to consider whether Inman had done either of these things to an extent which would give Turner notice.

In addition to showing control, intent, and notice, Inman was required to show duration—that he satisfied "each of these elements for the required period of time[.]" Id. at 486. The statutory period necessary to achieve adverse possession is ten years. Ballard v. Harman, 737 N.E.2d 411, 416 (Ind. Ct. App. 2000) (citing Ind. Code § 34-11-2-11). Here, the trial court found that "Inman did not testify as to what period of time he farmed the land or kept livestock on the land" and that he "has not farmed or kept livestock on the [land] for over 20 years." Appellant's App. p. 12. The dearth of evidence regarding duration supports the trial court's conclusion on this issue.

In addition to the Fraley factors, Inman was required to prove that he reasonably believed he had paid taxes on the land in good faith throughout the period of adverse possession as required by Indiana Code section 32-21-7-1. Inman argues that he proved that he substantially complied. See Fraley, 829 N.E.2d at 493 (holding that substantial compliance can satisfy the adverse possession tax statute). However, the trial court noted that the land Inman claimed by adverse possession would have enlarged his total amount of land by 50% and increase his property tax bill accordingly. The trial court found that "[i]t would be unreasonable for Inman to believe that he had been paying property taxes on three acres of land when he had in fact only paid property taxes on his own two

acres." Appellant's App. p. 21. This conclusion is reasonable and supported by evidence in the record.

Given the evidence in the record, we hold that it was reasonable for the trial court to find that Inman had failed to meet his burden of proving the elements of adverse possession by clear and convincing evidence. The majority of the evidence that Inman relies on is his own testimony. We reiterate that this Court will not reweigh the evidence or judge the credibility of the witnesses on appeal. It is within the province of the trial court to believe or disbelieve the testimony of any witness. Ward v. State, 260 Ind. 217, 221, 294 N.E.2d 796, 798 (Ind. 1973). Additionally, even if Inman's testimony were considered persuasive, he failed to produce any evidence concerning the durational element. It is not clear from the record if Inman even attempted to specify a ten-year period during which he claimed to adversely possess the land. In sum, it is questionable whether Inman has proven even a single element of adverse possession, let alone all of them, and it was reasonable for the trial court to determine that he failed to do so clearly and convincingly.

The judgment of the trial court is affirmed.

KIRSCH, J., concurs, and ROBB, J., concurs in result without opinion.