## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2015, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark D. Johnson
Allen & Johnson, LLC
Salem, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chris Schumacher, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Theresa Martin-Schumacher, <br> *Appellee-Respondent* | February 3, 2015 <br><br> Court of Appeals Case No. <br> 88A01-1407-MI-285 <br><br> Appeal from the Washington Circuit Court <br> The Honorable John T. Evans, Special Judge <br> Case No. 88C01-1308-MI-531 |

**Crone, Judge.**

## Case Summary

[1]     In 1997, Chris Schumacher and Theresa Martin-Schumacher obtained a marriage license in Washington County and participated in a wedding ceremony conducted by an individual authorized to solemnize marriages.

However, the day before the wedding ceremony, Theresa destroyed the marriage license by burning it in its entirety. Thus, a completed marriage license was never returned to or filed by the county clerk. When Chris filed a dissolution of marriage action in 2011, Theresa contended that the parties were never in fact married. Chris filed a complaint for declaratory judgment requesting the trial court to declare that he and Theresa were married and to order the county clerk to issue a marriage license. Following a hearing, the trial court entered its order declaring that Chris and Theresa were not married as a result of their wedding ceremony and that they both have the status of single persons.

[2] On appeal, Chris argues that the trial court's conclusion that he and Theresa were not married as a result of their wedding ceremony is clearly erroneous. In the alternative, Chris asserts that Theresa should be equitably estopped from denying that the parties are married. Concluding that the trial court's conclusion is not clearly erroneous and that the doctrine of equitable estoppel is inapplicable, we affirm.

## Facts and Procedural History

[3] The relevant evidence supporting the trial court's judgment indicates that on October 23, 1997, Chris and Theresa filled out an application for marriage license at the Washington County clerk's office. A marriage license was issued

that same day.[1] The next day, Theresa was upset with Chris and she destroyed the marriage license by burning it in its entirety. She told Chris that she had destroyed the marriage license and that she did not wish to get married. Nevertheless, on October 25, 1997, the parties participated in a wedding ceremony officiated by Reverend Jim Manship, an individual authorized to solemnize marriages. Although Manship claims that the parties presented him with a marriage license and marriage certificate form that he completed and mailed to the Washington County clerk's office for filing following the ceremony, the clerk's office has no record of receiving such document and no such document was ever filed by the clerk.

[4] The parties lived together from 1997 until September 2011 when Chris filed a petition for dissolution of marriage. In response, Theresa claimed that the parties were never legally married. Chris filed a complaint for declaratory judgment requesting the trial court to declare that he and Theresa were married and to order the county clerk to issue a marriage license. After a hearing, the trial court found and declared as follows:

---

[1] Specifically, along with a copy of the application for marriage license, the parties were given a two-part document entitled "Marriage License" and "Marriage Certificate" which was to be completed and returned to the clerk's office after the wedding ceremony by the individual who performed the wedding ceremony. *See* Petitioner's Ex. 1, 2. The parties were also given a keepsake marriage certificate. *See* Petitioner's Ex. 3.

1. Individuals who intend to marry must obtain a license and present it to an individual authorized to solemnize marriages. IC 31-11-4-1; 31-11-4-13. It is the marriage license which grants the legal authority for an individual who is authorized to solemnize marriages to marry two individuals. IC 31-11-4-14.

2. On the date of their wedding, Chris Schumacher ("Chris") and Theresa Martin ("Theresa") did not have a marriage license because the day before, Theresa had intentionally destroyed it by setting it on fire and burning it entirely – a fact she conveyed to Chris at the time.

3. Having intentionally destroyed the license prior to the ceremony, Chris and Theresa could not have justifiably expected to be married as a result of the ceremony in which they participated.

4. The Court declares that Chris Schumacher and Theresa Martin a/k/a Theresa Martin-Schumacher were not married as a result of their wedding. Chris Schumacher's demand for declaratory judgment finding to the contrary is denied. Declaratory judgment is entered in favor of Theresa Martin a/k/a Theresa Martin-Schumacher finding that the parties' status is that of single persons.

Appellant's App. at 4-5. This appeal ensued.

## Discussion and Decision

We begin by noting that Theresa did not file an appellee's brief. Under such circumstances, we do not undertake the burden of developing arguments for her. *Henderson v. Henderson*, 919 N.E.2d 1207, 1210 (Ind. Ct. App. 2010). Rather, we may reverse the trial court if Chris presents a case of prima facie error. *Id*. "Prima facie error means at first sight, on first appearance, or on the face of it." *Id*. If such a case is not presented, we will affirm. *Id*.

[6] The trial court's entry of declaratory judgment[2] in this case was accompanied by findings of fact and conclusions of law. Where, as here, the trial court enters findings and conclusions without a written request, the entry is considered sua sponte. *Samples v. Wilson*, 12 N.E.3d 946, 949 (Ind. Ct. App. 2014). When a trial court enters specific findings sua sponte, the specific findings control our review and the judgment only as to the issues they cover. *Id*. at 949-50. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence. *Id*. at 950.

[7] When reviewing the accuracy of findings, we will first consider whether the evidence supports them. *Stone v. Stone*, 991 N.E.2d 992, 998 (Ind. Ct. App. 2013), *aff'd on reh'g*, 4 N.E.3d 666. We then determine whether the findings support the judgment. *Id*. "We will disregard a finding only if it is clearly erroneous, which means the record contains no facts to support it either directly or by inference." *Id*. A judgment is clearly erroneous if it relies on an incorrect legal standard, and we do not defer to a trial court's legal conclusions. *Id*. at 998-99. Upon appellate review, we give due regard to the trial court's ability to assess the credibility of witnesses and we will not reweigh the evidence. *Id*. at

---

[2] Indiana Code Section 34-14-1-1 provides courts of record within their respective jurisdictions the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed" and the declaration "has the force and effect of a final judgment or decree."

999. We must consider only the evidence most favorable to the judgment along with all reasonable inferences drawn in favor of the judgment. *Id.*

## Section 1 – The trial court's finding that the parties were not married is not clearly erroneous.

[8] Chris claims that the trial court's conclusion that he and Theresa were not married as a result of their wedding ceremony is clearly erroneous. In summarizing Indiana's marriage solemnization provisions, our supreme court has stated,

> Before two people may marry in Indiana they must negotiate a multi-step process. The parties must first obtain a marriage license from the clerk of the circuit court of either person's county of residence. I.C. §§ 31-11-4-1, -3. The marriage license issued by the circuit court is the legal authority for an authorized person to marry the betrothed couple. I.C. § 31-11-4-14. The parties must then present the marriage license to a person who is authorized to solemnize marriages. I.C. § 31-11-4-13. Marriages may be solemnized by, among others, a member of the clergy of a religious organization. I.C. § 31-11-6-1(1). The person solemnizing the marriage must complete a marriage certificate and file the certificate and license with the clerk of the circuit court that issued the license; the clerk must then record the certificate and license. I.C. § 31-11-4-16.

*McPeek v. McCardle*, 888 N.E.2d 171, 176 (Ind. 2008).

[9] The statutory law referenced above makes clear that because the marriage license is the legal authority for an authorized person to marry a betrothed couple, the valid marriage of two individuals cannot occur until and unless the parties present the marriage license issued by the circuit court to a person authorized to solemnize marriages. *See* Ind. Code §§ 31-11-4-13, -14. There is

evidence in the record to support the trial court's finding that this condition precedent to a valid marriage did not and could not have occurred here because Theresa destroyed the marriage license the day before the ceremony. Because Reverend Manship was not presented with the marriage license, he was without legal authority to marry Chris and Theresa. Based upon the findings, the trial court properly concluded that the parties wedding ceremony did not result in a valid marriage.

[10] This case boils down to a credibility issue. Chris challenges Theresa's credibility and points to evidence and testimony which indicates that the marriage license was not destroyed but was presented to and completed by Reverend Manship. However, we are not permitted to reassess witness credibility on appeal and we are constrained to consider only the evidence most favorable to the judgment along with all reasonable inferences drawn in favor of the judgment. In other words, the trial court chose to believe Theresa for whatever reason and, in accordance with our standard of review, we must do so as well. The trial court's findings and judgment are not clearly erroneous.

## Section 2 – Equitable estoppel is inapplicable.

[11] In the alternative, Chris contends that Theresa should be equitably estopped from asserting that the parties are not married. Chris argues that Theresa "held herself out to be married" for fourteen years and should not be permitted to now claim otherwise. Appellant's Br. at 8. Chris did not raise an equitable estoppel claim in his complaint for declaratory judgment or during trial. Because Chris raises his equitable estoppel argument for the first time on

appeal, he has waived his argument for failure to raise it to the trial court. *Einhorn v. Johnson*, 996 N.E.2d 823, 828 n.4 (Ind. Ct. App. 2013), *trans. denied* (2014).

[12] Waiver notwithstanding, a party invoking the doctrine of equitable estoppel must show "(1) a lack of knowledge as to the facts in question and of the means of acquiring that knowledge; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in position based upon the conduct of the party estopped." *Barnette v. U.S. Architects, LLP*, 15 N.E.3d 1, 10 (Ind. Ct. App. 2014) (quoting *LaGrange Cnty. Reg'l Util. Dist. v. Bubb*, 914 N.E.2d 807, 811 (Ind. Ct. App. 2009)). "'Estoppel cannot be applied if the facts are equally known by or accessible to both parties.'" *Id.* (quoting *City of Crown Point v. Lake Cnty.*, 510 N.E.2d 684, 687 (Ind. 1987)). And "[a]ll persons are charged with the knowledge of the rights and remedies prescribed by statute." *Middleton Motors, Inc. v. Ind. Dep't of State Revenue*, 269 Ind. 282, 285, 380 N.E.2d 79, 81 (1978).

[13] The trial court specifically found that Theresa destroyed the marriage license the day before the wedding and that she conveyed that fact to Chris at the time. Consequently, Chris's knowledge of the facts regarding the invalidity of the parties' marriage was equal to that of Theresa, and he is charged with knowing Indiana's marriage solemnization requirements, Indiana Code Section 31-11-4-

1 *et. seq.*  Therefore, we conclude as a matter of law that equitable estoppel is inapplicable here.  We affirm the trial court's declaratory judgment.[3]

Affirmed.

Friedlander, J., and Kirsch, J., concur.

---

[3] We note that although the trial court has declared these parties unmarried, Chris is not without recourse to pursue a claim against Theresa outside the dissolution of marriage realm.  The facts are undisputed that these parties cohabitated and shared property and income for a lengthy period of time.  This Court has held that "a party who cohabitates with another without subsequent marriage is entitled to relief upon a showing of an express contract or a viable equitable theory such as an implied contract or unjust enrichment."  *Bright v. Kuehl*, 650 N.E.2d 311, 315 (Ind. Ct. App. 1995).