

**FILED**

Jun 10 2015, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jonathan D. Harwell | Denise F. Hayden |
| Harwell Legal Counsel LLC | Indianapolis, Indiana |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr><td>

Jovon R. Richardson,

*Appellant-Respondent,*

v.

Joshua M. Richardson,

*Appellee-Petitioner*

</td><td>

June 10, 2015

Court of Appeals Case No.
49A02-1410-DR-702

Appeal from the Marion Superior
Court

The Honorable James B. Osborn,
Judge

The Honorable Kimberly D.
Mattingly, Magistrate

Case No. 49D14-1303-DR-10821

</td></tr>
</table>

**Crone, Judge.**

## Case Summary

[1] Jovon R. Richardson ("Wife") appeals the decree of dissolution dissolving her marriage to Joshua M. Richardson ("Husband"). In the decree, the trial court granted Husband sole legal and physical custody of the parties' minor child, W.R., and also granted Husband visitation with Wife's minor daughter,

Husband's stepdaughter, L.O. Additionally, the trial court found Wife in contempt for her willful interference with Husband's parenting time and visitation in violation of the court's preliminary order. On appeal, Wife raises several issues, including that the trial court abused its discretion in granting Husband visitation with L.O. Wife argues that the trial court was without authority to grant such visitation and that Husband failed to establish that visitation with him is in L.O.'s best interest. Wife also asserts that the trial court abused its discretion in finding her in contempt. Finally, Wife seeks reversal of the trial court's custody order regarding W.R., claiming that the trial court was biased against her and that the custody arrangement ordered by the court was requested by neither party. We affirm the trial court in all respects.

## Facts and Procedural History

[2] Wife gave birth to a daughter, L.O., on August 16, 2003. Robert Osborne ("Biological Father") is L.O.'s father. Wife filed a petition to establish paternity and, on April 27, 2006, the Marion Circuit Court entered its order establishing paternity in Biological Father and granting custody of L.O. to Wife. The order provided for Biological Father to pay child support and for him to exercise parenting time with L.O. "by agreement or further order of the court." Appellant's App. at 59.[1]

---

[1] The record indicates that both Wife and Biological Father failed to appear at the paternity hearing.

[3] Thereafter, Wife began a relationship with Husband. Prior to the marriage, Wife gave birth to the couple's son, W.R., on March 29, 2007. Husband executed a paternity affidavit at the hospital immediately following the birth, and the parties agree that Husband is the father of W.R. Wife and Husband were married on October 4, 2008.

[4] Husband filed for dissolution of marriage on March 21, 2013. The dissolution court issued a preliminary order on May 21, 2013. The court's preliminary order provided the parties joint legal custody of W.R., with Wife having primary physical custody. Husband was granted parenting time with W.R. pursuant to the Indiana Parenting Time Guidelines. Finding that Husband has a "very significant relationship" with L.O. and that L.O. "considers [Husband] her father," the court concluded that it was in L.O.'s best interests for Husband to have visitation with L.O. consistent with his parenting time with W.R. "so that the children can stay together." *Id*. at 17.[2] On March 14, 2014, Husband filed a petition for contempt against Wife alleging that she twice willfully interfered with his parenting time and visitation with W.R. and L.O. in violation of the court's preliminary order.

---

[2] We note that the parties and the dissolution court appear to use the terms "parenting time" and "visitation" interchangeably when referring to the time that Husband may spend with L.O. However, only parents may be awarded parenting time; visitation, on the other hand, may be awarded to an unrelated third party, such as a stepparent, under certain circumstances that we discuss more fully later in our decision. *See M.S. v. C.S.*, 938 N.E.2d 278, 286 (Ind. Ct. App. 2010). Accordingly, we will appropriately refer to that portion of the dissolution decree as a visitation order and not a parenting time order.

A final dissolution hearing was held on July 31, 2014, and a decree of dissolution was issued on September 10, 2014. Aside from the property division, the trial court awarded Husband sole legal and physical custody of W.R., and Wife was granted parenting time. Specifically, the court concluded that this custody arrangement was in W.R.'s best interests because "Wife's testimony in court demonstrated that she is unable to appropriately co-parent [W.R.] with Husband due to her anger." *Id*. at 8. Regarding ten-year-old L.O., the trial court noted that during the marriage, Husband provided financial, emotional, physical, and educational support to his stepdaughter and that he has been a de facto custodian and the male adult role model in her life. Accordingly, the trial court found and ordered in relevant part as follows:

> Wife shall assure that [L.O.] also spends time with Husband on the weekends that [W.R.] is also with Husband. Husband has filed to intervene in the paternity action regarding [L.O.]. This court has jurisdiction over Wife and orders her to deliver [L.O.] to Husband's home to spend time with him and [W.R.] on weekends when [W.R.] is present with Husband. The parties shall insure that the children spend holidays together as much as possible. [L.O.'s] biological father has not been consistently involved in her life and she regards Husband as her father, and refers to him as her father…. In this case, there is no [parenting] time exercised by the biological father. The only father that [L.O.] has ever known is Husband.

*Id*.

The trial court also found Wife in contempt of its preliminary order due to her willful interference with Husband's parenting time and visitation as alleged in his contempt petition. Wife now appeals the dissolution court's visitation order

regarding L.O., the court's contempt finding, and the custody order regarding W.R. We will state additional facts in our discussion as necessary.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in granting Husband visitation with L.O.

[7] Wife challenges the dissolution court's decision to grant Husband visitation with her daughter, and his stepdaughter, L.O. In matters of child custody and visitation, foremost consideration must be given to the best interests of the child. *Lindquist v. Lindquist*, 999 N.E.2d 907, 911 (Ind. Ct. App. 2013). "We will generally reverse child visitation decisions only upon a showing of a manifest abuse of discretion." *Id*. We do not reweigh the evidence or reexamine the credibility of the witnesses. *Id*. Instead, we view the record in the light most favorable to the trial court's decision to determine whether the evidence and reasonable inferences therefrom support the trial court's ruling. *Id*.

[8] It is well established that stepparents have standing to seek visitation rights and that a trial court has authority to grant the same. *In re I.E.*, 997 N.E.2d 358, 366 (Ind. Ct. App. 2013) (citing *Worrell v. Elkhart Cnty. Office of Family & Children*, 704 N.E.2d 1027, 1028 (Ind. 1998)), *trans. denied* (2014); *see also Francis v. Francis*, 654 N.E.2d 4, 7 (Ind. Ct. App. 1995) (dissolution court had authority to grant and modify visitation rights with stepfather), *trans. denied*; *Caban v. Healey*, 634 N.E.2d 540, 543 (Ind. Ct. App. 1994) (although dissolution court lacked

authority to award custody of child to stepmother, it did have authority to grant visitation to stepmother), *trans. denied* (1995). A stepparent relationship is a strong indicator that a custodial and parental relationship exists, and by recognizing a right to visitation in nonparent third parties such as stepparents, we have acknowledged that a child's interest in maintaining relationships with those who have acted in a parental capacity will sometimes trump a natural parent's right to direct the child's upbringing. *A.C. v. N.J.*, 1 N.E.3d 685, 697 (Ind. Ct. App. 2013). Thus, our supreme court has recognized that a stepparent may be granted visitation upon establishing the existence of a custodial and parental relationship and that visitation is in the child's best interests. *Worrell*, 704 N.E.2d at 1028.

[9] As an initial matter, Wife concedes that trial courts generally have the authority to grant visitation to a stepparent in a dissolution action, but she argues that the trial court here lacked such authority because the Marion Circuit Court had previously entered a judgment concerning the support, custody, and parenting time of L.O. Wife is referring to the 2006 order establishing the paternity of L.O. in Biological Father and granting Wife custody of L.O. with parenting time to be determined by agreement of the parties. Wife asserts that the dissolution court's current visitation order conflicts with the paternity order regarding L.O.

[10] Wife is correct that the dissolution court did not have the authority to adjudicate any matters of custody or parenting time between Wife and Biological Father that were already determined in the paternity case. *See*

*generally In re Marriage of Dall*, 681 N.E.2d 718, 723 (Ind. Ct. App. 1997) (dissolution decree can only adjudicate rights of divorcing couple; court has no authority to affect the interests of nonparties). However, the dissolution court did not do so. The paternity court's prior order adjudicated support, custody, and parenting time of L.O. as between Wife and Biological Father. The dissolution court's current order adjudicates visitation of L.O. as between Wife and Husband as part of the dissolution of their marriage. The matters addressed in each order are wholly separate, and there is no conflict between the orders. Husband's exercise of his right to visitation with L.O. may be only to the detriment of Wife's custodial time with L.O. pursuant to the dissolution decree. Although the dissolution court found that Biological Father does not currently exercise any parenting time with L.O., the court's visitation order in no way deprives Biological Father of his right or ability to do so.[3] We conclude that the dissolution court had authority to grant visitation rights to Husband as a stepparent.

[11]     Having determined that the dissolution court had authority to enter a visitation order, and because there is no serious dispute that Husband has established a

---

[3] Wife contends that the visitation order violates the constitutional due process rights of Biological Father because he was not given notice of the dissolution proceedings that resulted in an order that "affected his parental rights …." Appellant's Br. at 8. As noted above, the trial court's visitation order does not affect Biological Father's parental rights. Moreover, Wife seeks to enforce the rights of a third person who is not a party to this action. She may not do so. Constitutional rights are personal to an individual, and Wife cannot claim the violation of Biological Father's due process rights on his behalf. *In re Adoption of I.K.E.W.*, 724 N.E.2d 245, 249 n.6 (Ind. Ct. App. 2000) (citing *Kirkland v. State*, 249 Ind. 305, 308, 232 N.E.2d 365, 366 (1968), and *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 629 (1991)).

custodial and parental relationship with L.O., we turn to whether the evidence and reasonable inferences therefrom support the trial court's ruling that the visitation order is in L.O.'s best interests.[4]  The record indicates that Husband has provided financial, emotional, physical, and educational support to L.O. for almost eight years.  He came into her life when she was only two years old, and he is essentially the only father that she has ever known.  She has always referred to him as "dad" or "daddy."  Tr. at 17.  There is no question that L.O. has an interest in maintaining a relationship with someone who has acted in such a significant parental capacity in her life.  Moreover, the trial court's visitation order takes into account that Husband has been awarded sole legal and physical custody of W.R.  The visitation order provides for L.O. to spend time with her half-brother, W.R., on the weekends that he is also with Husband.  These children have grown up together, and, going forward, it is in both of their best interests to continue to spend time together.  The evidence

---

[4] Wife argues that she is entitled to certain presumptions in her favor in determining whether visitation with Husband is in L.O.'s best interests.  We note that when a trial court enters a decree granting or denying grandparent visitation pursuant to Indiana's Grandparent Visitation Statute, Indiana Code 31-17-5, it is required to set forth findings of fact and conclusions thereon addressing: (1) the presumption that a fit parent acts in his or her child's best interests; (2) the special weight that must be given to a fit parent's decision to deny or limit visitation; (3) whether the grandparent has established that visitation is in the child's best interests; and (4) whether the parent has denied visitation or has simply limited visitation.  *In re K.I.*, 903 N.E.2d 453, 457 (Ind. 2009).  In *Schaffer v. Schaffer*, 884 N.E.2d 423, 427 (Ind. Ct. App. 2008), another panel of this Court opined in dicta that "the same parental presumption and special weight accorded to parents in an initial grandparent visitation proceeding should be extended to parents in an initial third party step parent visitation proceeding."  However, the *Schaffer* court was not asked to review an initial stepparent visitation order and, until our supreme court declares otherwise, we decline to extend the parental presumptions applicable to a statutory grandparent visitation proceeding to a stepparent visitation order issued pursuant to dissolution decree.  As we have already stated, a stepparent may be granted visitation upon establishing the existence of a custodial and parental relationship and that visitation is in the child's best interests.  *Worrell*, 704 N.E.2d at 1028.

and reasonable inferences support the trial court's finding that visitation with Husband is in L.O.'s best interests, and Wife has not shown that the trial court abused its discretion.

## Section 2 – The trial court did not abuse its discretion in finding Wife in contempt.

[12] Wife next challenges the trial court's order finding her in contempt. She argues that there was insufficient evidence to support the trial court's conclusion that she willfully interfered with Husband's parenting time and visitation in violation of the court's preliminary order. Our standard of review is well settled.

> Whether a person is in contempt of a court order is a matter left to the trial court's discretion. We will reverse the trial court's finding of contempt only where an abuse of discretion has been shown, which occurs only when the trial court's decision is against the logic and effect of the facts and circumstances before it. When we review a contempt order, we neither reweigh the evidence nor judge the credibility of witnesses.

*Akiwumi v. Akiwumi*, 23 N.E.3d 734, 741 (Ind. Ct. App. 2014) (quoting *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003)). Wife bore the burden of showing that her violation was not willful. *Id.*

[13] The trial court's preliminary order provided for Husband to exercise parenting time with W.R. consistent with the Indiana Parenting Time Guidelines and that it was in L.O.'s best interests to spend time with Husband consistent with W.R.'s time so that the children could stay together. Husband's petition for contempt alleged that Wife removed both children from his care without his

consent during his parenting time the weekend of February 1, 2014, and also refused to allow Husband his allotted parenting time and visitation the weekend of March 1, 2014, in violation of the trial court's preliminary order. During the dissolution hearing, Wife admitted to these allegations but gave the trial court various explanations and excuses for her behavior. The trial court did not find Wife's excuses credible and found her interference with Husband's parenting time in violation of the court's preliminary order to be willful. Wife offers this Court the same explanations and excuses, inviting us to reweigh the evidence in her favor, which we may not do. We conclude that the trial court did not abuse its discretion in finding Wife in contempt of the court's preliminary order.

## Section 3 – Wife has failed to demonstrate that the trial judge was biased.

[14] Wife asserts that we should reverse the portion of the trial court's order regarding custody of W.R. because the trial judge was biased against her. The law presumes that a trial judge is unbiased. *Carter v. Knox Cnty. Office of Family & Children*, 761 N.E.2d 431, 435 (Ind. Ct. App. 2001). To overcome that presumption, the party asserting bias must establish that the trial judge has a personal prejudice for or against a party. *Id*. Clear bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy before him or her. *Id*. "Adverse rulings and findings by the trial judge do not constitute bias per se. Instead, prejudice must be shown by the judge's trial conduct; it cannot be inferred from his [or her] subjective views." *Id*. (citations omitted). Said differently, a party "must show

that the trial judge's action and demeanor crossed the barrier of impartiality and prejudiced" that party's case. *Flowers v. State*, 738 N.E.2d 1051, 1061 (Ind. 2000).

[15] Wife directs us to various portions of the record which she claims support a finding that the trial judge was personally biased against her. Among other things, Wife accuses the trial judge of being "combative" with her during her testimony, improperly commenting on her mental stability, and stating that her behavior was not age-appropriate. Appellant's Br. at 15. Additionally, Wife complains that the trial judge did not treat one of her pretrial motions fairly and that the judge also improperly sustained an objection by Husband's counsel regarding the relevancy of a line of questioning.

[16] As our supreme court recently noted, "We afford trial judges ample 'latitude to run the courtroom and maintain discipline and control of the trial.'" *In re J.K.*, No. 49S02-1505-JC-260, slip op. at 5 (Ind. May 12, 2015) (quoting *Timberlake v. State*, 690 N.E.2d 243, 256 (Ind. 1997)). During bench trials, judges have considerable discretion to question witnesses sua sponte to aid in the factfinding so long as the judge maintains an impartial manner and refrains from acting as an advocate for either party. *Id*. After reviewing the record regarding Wife's claims of bias, we conclude that Wife has failed to show that the trial judge's actions or demeanor here crossed the barrier of impartiality. First, we find no merit in Wife's assertions regarding the judge's unfair treatment of her pretrial motions or the court's evidentiary rulings. As far as the judge's comments during trial, we observe that Wife exhibited emotional, irrational, and

uncooperative behavior, often giving evasive and equivocal answers to clear and direct questions. The trial judge intervened to admonish Wife, to maintain control of the trial, and to aid in the factfinding necessary to determine the best interests of the children. Wife has not demonstrated that the trial judge was biased against her.

## Section 4 – The trial court did not abuse its discretion in entering a custody arrangement not requested by the parties.

[17] Finally, Wife contends that the trial court abused its discretion in granting Husband sole legal and physical custody of W.R. although neither Husband nor she requested that custody arrangement. Wife cites no authority, as there is none, for the proposition that a trial court is precluded from entering a custody arrangement not specifically advanced by either party. As we have already noted, the trial court's foremost consideration in custody matters is the best interests of the child. *Lindquist*, 999 N.E.2d at 911. Wife makes no argument that the custody arrangement entered by the trial court is not in W.R.'s best interests. The trial court's decree of dissolution is affirmed in all respects.

[18] Affirmed.

Brown, J., and Pyle, J., concur.