## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 07 2020, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lawrence T. Newman
Bradenton, Florida

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Estate of Al Katz, Deceased, <br><br> and <br><br> Lawrence T. Newman <br> *Appellant-Petitioner,* <br><br> v. <br><br> Robert W. York, <br> *Appellee-Respondent.* | October 7, 2020 <br><br> Court of Appeals Case No. 20A-ES-140 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James A. Joven, Judge <br><br> Trial Court Cause No. 49D13-1009-ES-40244 |

**Tavitas, Judge.**

# Case Summary

Lawrence Newman, pro se, appeals the trial court's award of appellate attorney fees to Robert York ("Attorney York"), personal representative of the Estate of Al Katz ("Estate"). We affirm.

# Issues

Newman raises numerous issues on appeal. We revise the issues as follows:

I.      Whether Newman is entitled to raise arguments on behalf of beneficiaries to the Estate.

II.     Whether Newman is entitled to raise arguments not presented to the trial court.

III.    Whether the trial court properly ordered the appellate attorney fees to be paid to the Estate.

IV.     Whether the trial court was biased and prejudiced against Newman.

V.      Whether Newman properly challenges prior appellate court orders awarding appellate attorney fees.

VI.     Whether the trial court properly awarded $167,437.50 in appellate attorney fees.

VII.    Whether the appellate attorney fee award violated Newman's constitutional rights.

## Facts

[3] This is the fourth appeal instituted by Newman or his wife, Beverly, regarding the Estate of Al Katz ("Estate"). Beverly was Katz's daughter, but Katz's last will and testament "intentionally [left Beverly] nothing" due to an estrangement. *In re Estate of Katz*, No. 18A-ES-1721 ("Appellate Cause 1721"), slip op. at 2 (Ind. Ct. App. Dec. 31, 2018), *trans. denied*, *cert. denied*, 140 S. Ct. 534 (2019). After Katz's death in 2010, Beverly was appointed as personal representative, and Newman, an attorney, filed an appearance on behalf of Beverly. The Indiana Supreme Court, however, suspended Newman in December 2011.[1] *See In re Newman*, 958 N.E.2d 792 (Ind. 2011).

[4] In 2013 and 2014, Newman filed several motions for reimbursement of alleged administrative expenses. In 2015, the trial court removed Beverly as personal representative and appointed Attorney York to serve as the successor personal representative and attorney of the Estate. Under Appellate Cause No. 49A02-1506-ES-642 ("Appellate Cause No. 642"), Beverly appealed the trial court's order removing her, but this Court dismissed Beverly's appeal on August 21, 2015. On November 10, 2015, this Court denied Beverly's petition for rehearing, and our Supreme Court denied Beverly's petition to transfer.

[5] Newman continued filing claims and various pleadings in the Estate proceedings, and he filed another appeal under Appellate Cause Number

---

[1] Newman remains suspended.

49A05-1710-ES-2475 ("Appellate Cause No. 2475") regarding three of the trial court's orders, including an injunction order. Attorney York filed a motion to dismiss, and on January 4, 2018, this Court entered an order which granted in part and denied in part Attorney York's motion to dismiss. Specifically, this Court ordered Newman's appeal from two of the trial court's orders to be dismissed with prejudice, but denied the motion to dismiss Newman's appeal of one of the trial court's orders. On June 6, 2018, Attorney York filed a second verified motion to dismiss the appeal. On September 12, 2018, this Court granted Attorney York's motion to dismiss the appeal, granted Attorney York's request for appellate attorney fees, and remanded to the trial court to calculate the amount of appellate attorney fees.

[6] On October 12, 2018, Newman filed a petition for rehearing. On November 19, 2018, this Court denied Newman's petition for rehearing and granted Attorney York's request for additional appellate attorney fees. Newman then filed a petition to transfer, which our Supreme Court denied. Our Supreme Court granted Attorney York's request for attorney's fees and remanded to the trial court "to determine the amount of attorney's fees the appellee is entitled to recover from the appellant related to the transfer proceedings." Appellate Cause No. 2475, April 12, 2019 order.

[7] Meanwhile, the trial court issued an order on June 12, 2018, regarding the sale of certain property belonging to the Estate. In Appellate Cause No. 1721, Newman appealed the order and argued:

> Newman argues that Attorney York was wrongfully appointed because of his long-standing animus against [Newman]; that the trial court's disparate treatment of [Newman] and Attorney York evidence bias; the trial court's determinations that [Newman's] administrative expense claims were dismissed or denied are erroneous; and that [Newman's] administrative expense claims have statutory priority over federal and state tax claims.

Appellate Cause No. 1721, slip op. at 15. We affirmed the trial court and, pursuant to Indiana Appellate Rule 66(E), we concluded that Attorney York as personal representative was entitled to appellate attorney fees. We remanded "to the trial court to determine the proper amount of the appellate fee award." *Id.* at 18.

[8]   Newman filed a petition for rehearing, which this Court denied. Newman then filed a petition to transfer, which our Supreme Court denied. Newman then filed a petition for a writ of certiorari, which the United States Supreme Court denied on November 18, 2019.

[9]   Attorney York filed a petition with the trial court for a determination of appellate attorney fees. Attorney York detailed all of the appellate pleadings and proceedings and noted the following regarding Appellate Cause No. 2475:

> 34.  In summary, Newman filed 320 pages of Motions, Briefs, Responses and the like, in addition to 599 pages of documents.

> 35. York in summary filed 193 pages of Motions, Responses, Briefs and the like, in addition to 366[ ]pages of documents from the record which had not been included by Newman.

Appellant's App. Vol. II p. 125.  Regarding Appellate Cause No. 1721,

Attorney York detailed the pleadings and appellate proceedings and noted:

> 65.  In summary, Newman filed 192 pages of Motions, Briefs, Responses and the like, in addition to 254 pages of documents.

> 66. York in summary filed 116 pages of Motions, Responses, Briefs and the like, in addition to 346[ ]pages of documents from the record which had not been included by Newman.

*Id.* at 128.

> In the Appellate Cases Newman filed a combined total of 512 pages of Motions, Briefs, Responses and the like, in addition to a combined 853 pages of documents.  In order to properly respond to Newman's voluminous submissions, York was nevertheless required to file a combined total of 309 pages of Motions, Responses, Briefs and the like, in addition to a combined 712[ ] pages of documents from the record which had not been included by Newman.

*Id.* at 130.  York requested that the trial court assess his fees at $375.00 an hour for 453.20 hours.

[10]  Newman filed an objection to Attorney York's request, and the trial court set the matter for hearing.  Newman, however, did not appear for the hearing. Attorney Robert Zaban, a claimant in the Estate, appeared.  With the trial court's approval, Attorney York proceeded "in summary fashion."  Tr. Vol. II p. 8.  Attorney Karl Mulvaney testified as an expert on Attorney York's behalf

regarding attorney fees in the appellate matters. Attorney York reduced his requested fees by 6.7 hours pursuant to one of Newman's objections.

[11] The trial court issued findings of fact and conclusions thereon granting Attorney York's petition for appellate attorney fees as follows:

> 7. The two Appellate Cases involved numerous and extensive filings by Newman, which went beyond the normal amount of briefing for appeals, and which required consideration of and responses by York. And, in addition to the initial briefing before the Indiana Court of Appeals, Newman sought rehearing, and then transfer to the Indiana Supreme Court.
>
> 8. York expended 446.5 hours in providing reasonable, just, and successful appellate services to the Estate in the Appellate Cases, as documented in York's Appellate Time Records.
>
> 9. A reasonable rate for York's appellate services is $375.00 per hour.
>
> 10. The Estate thereby incurred York's reasonable appellate attorney's fees in the total amount of $167,437.50.
>
> 11. Pursuant to Orders of the Indiana Supreme Court and the Indiana Court of Appeals, this Court determines that the amount Newman should pay the Estate for the appellate attorney's fees the Estate incurred as Appellee in Appellate Case No. 49A05-1710-ES-02475 and Appellate Case No. 18A-ES-01721 is $167,437.50.

Appellant's App. Vol. II pp. 92-93. Newman filed a motion to correct error, which the trial court denied. Newman now appeals.

# Analysis

[12]    We begin by noting that Attorney York has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.* at 351-52. This rule relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.* at 352. We are obligated, however, to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

[13]    We also note that Newman is proceeding pro se. We note that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied, cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* Indiana Appellate Rule 46(A)(8)(a) requires that the argument section of a brief "contain the

contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." We will not consider an assertion on appeal when there is no cogent argument supported by authority and there are no references to the record as required by the rules. *Id.* We will not become an advocate for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

[14] Newman repeatedly argues in his appellant's brief that he is entitled to relief pursuant to Article 1, Section 26 of the Indiana Constitution[2] because the trial court "suspended the operation of applicable law." Appellant's Br. pp. 10, 13, 15, 15 n.1, 17, 18, 28-29, 37, 41, 54, 57. Newman, however, cites no relevant authority on the application of Article 1, Section 26. Accordingly, Newman's contentions regarding Article 1, Section 26 are waived for failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding that the failure to present a cogent argument waives the issue for appellate review), *trans. denied*.

---

[2] Article 1, Section 26 of the Indiana Constitution provides: "The operation of the laws shall never be suspended, except by the authority of the General Assembly."

### *I. Service of Fee Petition on Beneficiaries*

[15] The first issue is whether Newman is entitled to raise arguments on behalf of beneficiaries to the Estate. According to Newman, Attorney York failed to serve his fee petition on certain beneficiaries or interested persons and, thus, the trial court should not have considered the fee petition. Newman contends that the failure to serve the beneficiaries violated Newman's constitutional rights because the beneficiaries were denied "their right to object to York's fees and participate in the hearing thereto, to Newman's detriment." Appellant's Br. p. 14.

[16] Although Newman was an attorney in Indiana, his license has been suspended since 2011. This Court previously informed Newman that he "may only pursue claims on his own behalf." Appellant's App. Vol. II p. 94 (Appellate Cause 2475, Jan. 4, 2018 Order). We again remind Newman that, as a pro se litigant, he cannot assert claims on behalf of others.

[17] To the extent Newman attempts to argue that the failure to serve the beneficiaries with the fee petition in some way impacts Newman's constitutional rights, this argument is waived for Newman's failure to make a cogent argument and for Newman's failure to cite any relevant authority supporting the argument. *See* Ind. Appellate Rule 46(A)(8); *Loomis*, 764 N.E.2d at 668 (holding that the failure to present a cogent argument waives the issue for appellate review).

## II. Waiver of Issues

[18] Newman next argues that: (1) Attorney York was not properly sworn in as a witness; (2) Attorney York's fee petition was not properly introduced into evidence; and (3) Attorney Mulvaney's expert opinion was inadmissible and insufficient. We afford a trial court broad discretion in ruling on the admissibility of evidence. *Sims v. Pappas*, 73 N.E.3d 700, 705 (Ind. 2017). We will disturb the trial court's ruling only where the trial court has abused its discretion. *Id.* "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Id.*

[19] We note that Newman did not appear for the hearing on Attorney York's petition for appellate attorney fees and that the trial court conducted the proceedings in a summary fashion. "Summary proceedings function to efficiently resolve disputes by allowing parties and the court to forego [sic] the use of formal rules of procedure and evidence and instead allow the court to base its findings and conclusions upon the arguments of counsel and limited evidence." *Bogner v. Bogner*, 29 N.E.3d 733, 739 (Ind. 2015). Our Supreme Court has required a timely objection to summary proceedings. *See id.* at 741 (holding that, "if Father did not want to proceed summarily and believed that a full evidentiary hearing was necessary, that objection should have been raised at the time of the hearing").

[20] Because Newman did not appear at the hearing, he did not object to the summary proceedings and did not object to the admission of any of the evidence he now argues was inadmissible. "Generally, a party cannot raise an

argument for the first time on appeal." *Anonymous, M.D. v. Hendricks*, 994 N.E.2d 324, 327 (Ind. Ct. App. 2013). Accordingly, Newman has waived his contentions regarding the admission of this evidence.

[21] To the extent Newman argues that Attorney Mulvaney's opinion was insufficient because his opinion was based on "baseless and irrelevant factors", this argument goes to the weight of the evidence, not the admissibility. Appellant's Br. p. 32. "[T]he lack of facts and reasoning, which may be brought out on cross-examination of the expert, goes to the weight to be given to the expert's opinion, not its admissibility." *Summerhill v. Klauer*, 49 N.E.3d 175, 182 (Ind. Ct. App. 2015). Accordingly, the trial court did not abuse its discretion.

### III. Payment of Fees to the Estate

[22] Newman next argues that the trial court erred by ordering the appellate attorney fees to be paid to the Estate. Newman contends that the fees should have been ordered to be paid directly to Attorney York.

[23] The trial court appointed Attorney York as successor personal representative of the Estate, and Attorney York was also attorney for the Estate. As such, Attorney York was entitled to compensation for his services. Indiana Code Section 29-1-10-13 provides: "An attorney performing services for the estate at the instance of the personal representative shall have such compensation therefor *out of the estate* as the court shall deem just and reasonable." (emphasis added). In each of the appeals, appellate attorney fees were awarded to the

Attorney York as successor personal representative of the Estate, not in his individual capacity. Pursuant to Indiana Code Section 29-1-10-13, those appellate attorney fees must be paid out of the estate, and accordingly, the trial court properly ordered Newman to pay the attorney fee award to the Estate, not Attorney York.

### IV. Bias

[24] Newman argues that the trial court was biased and prejudiced against him.[3] "Adverse rulings and findings by a trial judge are not sufficient reason to believe the judge has a personal bias or prejudice." *L.G. v. S.L.*, 88 N.E.3d 1069, 1073 (Ind. 2018). We "credit judges with the ability to remain objective notwithstanding their having been exposed to information which might tend to prejudice lay persons." *Id.* "The law presumes that a judge is unbiased and unprejudiced." *Id.* "To overcome this presumption, the moving party must establish that the judge has personal prejudice for or against a party." *Id.* "Such bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy before him [or her]." *Id.* "[P]rejudice must be shown by the judge's trial conduct; it cannot be inferred from his [or her] subjective views." *Richardson v. Richardson*, 34 N.E.3d 696, 703 (Ind. Ct. App. 2015). A party "must show that the trial judge's action

---

[3] There is no indication that Newman filed a motion for the recusal of the trial court.

and demeanor crossed the barrier of impartiality and prejudiced" that party's case. *Id.* at 703-04.

[25] In support of his argument that the trial court was biased against him, Newman contends: (1) in its order, the trial court called him "Newman" throughout the order rather than first calling him "Lawrence Newman"; (2) during the hearing, the trial court said it was "well aware of [Attorney York's] credentials"; (3) the trial court noted in its order that Newman was a suspended attorney, "diminished the weight given to Newman's legal position," and "ostensibly intended to embarrass Newman"; (4) the trial court failed to discuss a long history of disputes between Newman and Attorney York; (5) during the hearing, the trial court asked Attorney Zaban if he had any questions for the witnesses; and (6) the case was withdrawn from the trial court pursuant to Trial Rule 53.1 on August 27, 2017, but remanded to the trial court by our Supreme Court on September 12, 2017. Appellant's Br. p. 25.

[26] None of Newman's allegations overcomes the presumption that the trial court was unbiased and unprejudiced. Rather, Newman's allegations are frivolous and fail to demonstrate that the trial court's "action[s] and demeanor crossed the barrier of impartiality and prejudiced" Newman's case in any way; has personal prejudice for or against Newman; or expressed an opinion on the merits of the controversy before him. *Richardson*, 34 N.E.3d at 703-04; *L.G.*, 88 N.E.3d at 1073. Newman's argument fails.

## V. Challenges to Prior Appellate Orders

[27] Newman repeatedly challenges the orders from our Supreme Court and this Court awarding Attorney York, as appellee in the appeals, appellate attorney fees. We remind Newman that "[t]he doctrine of res judicata bars relitigation of an issue where there has been a final adjudication on the merits of the same issue between the same parties or their privies by a court of competent jurisdiction." *Counceller v. Counceller*, 810 N.E.2d 372, 376 (Ind. Ct. App. 2004). To the extent Newman seeks to relitigate the final orders awarding appellate attorney fees by our Supreme Court and this Court, those issues are barred by res judicata.

## VI. Appellate Attorney Fee Award

[28] Newman challenges the trial court's award of $167,437.50 in appellate attorney fees. "We review a trial court's award of attorney's fees for an abuse of discretion." *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020). "An abuse of discretion occurs when the court's decision either clearly contravenes the logic and effect of the facts and circumstances or misinterprets the law." *Id.* "To make this determination, we review any findings of fact for clear error and any legal conclusions de novo." *Id.*

[29] Newman raises several challenges to the appellate attorney fee award. He contends: (1) the trial court applied the wrong legal standard; (2) the trial court awarded appellate attorney fees for time periods not covered by the orders awarding such fees; (3) the trial court awarded appellate attorney fees for time

that was not related to appellate work; (4) Attorney York's claimed hours were "grossly-inflated"; and (5) the trial court should have sanctioned Attorney York for his "documented perjuries, false statements under oath, gross overcharging, charging for matters not connected with Newman's Appeals, and charging for matters not subject to the appellate court's orders granting appellate attorney fees." Appellant's Br. pp. 38, 54.

[30] "In assessing what qualifies as a reasonable fee, trial courts have broad discretion in determining a fee award and may consider several factors." *Rainbow Realty Grp., Inc. v. Carter*, 131 N.E.3d 168, 178 (Ind. 2019). "When evaluating the reasonableness of an attorney fee award, the starting point is the hours worked and the hourly rate charged." *Himsel v. Indiana Pork Producers Ass'n*, 95 N.E.3d 101, 113 (Ind. Ct. App. 2018). "The trial court may consider a number of other factors, including the responsibility of the parties in incurring the attorney fees and the judge's personal expertise and knowledge." *Id.* "In addition, a court may consider the factors listed in Indiana Professional Conduct Rule 1.5(a) governing the reasonableness of a fee for disciplinary purposes, but it is not required to expressly do so." *Id.* at 113-14.

[31] At the hearing on Attorney York's petition for appellate attorney fees, Attorney York presented evidence that he spent 453.20 hours addressing appellate issues. He conceded, based upon Newman's response to his petition, that he improperly included 6.7 hours for addressing the petition to transfer in Appellate Cause No. 1721, for which Attorney York had not requested an award of appellate attorney fees. Accordingly, the trial court did not award

appellate attorney fees for those 6.7 hours. Attorney Mulvaney testified that: (1) an hourly rate of $375.00 per hour was reasonable; (2) a typical appeal usually costs a minimum of $30,000.00; and (3) the two appeals brought by Newman involved extraordinarily extensive, lengthy pleadings, including petitions for rehearing and petitions for transfer.

[32] In its order, the trial court found that: "[t]he two Appellate Cases involved numerous and extensive filings by Newman, which went beyond the normal amount of briefing for appeals, and which required consideration of and responses by York"; "York expended 446.5 hours in providing reasonable, just, and successful appellate services to the Estate in the Appellate Cases, as documented in York's Appellate Time Records"; and "[a] reasonable rate for York's appellate services is $375.00 per hour." Appellant's App. Vol. II p. 92. We find no indication that the trial court used the wrong standard in assessing the attorney fees, as alleged by Newman.

[33] Newman challenges Attorney York's claim of forty-two hours of work between October 26, 2017, and January 6, 2018, for Attorney York's first motion to dismiss in Appellate Cause No. 2475. On September 12, 2018, this Court granted Attorney York's second motion to dismiss the appeal, granted Attorney York's request for appellate attorney fees, and remanded to the trial court to calculate the amount of appellate attorney fees. Our order did not limit the appellate attorney fees to those that addressed the second motion to dismiss. Accordingly, the trial court did not abuse its discretion by awarding appellate attorney fees for those forty-two claimed hours.

[34] Newman also challenges the trial court's award of appellate attorney fees for Attorney York's claimed hours on September 26, 2018, for Appellate Cause No. 2475. Attorney York's time entry for that date provides: "Consider and research regarding Motion to Reconsider Appellate Order. Research and memo regarding appellate attorneys' fees. Review Beverly's deposition. Work on Response to Motion to Reconsider." Appellant's App. Vol. II p. 136. Newman claims that Beverly's deposition did not relate to the appeal. At the hearing, Attorney York, however, testified that Beverly's deposition related to the injunction, which was a subject of the appeal. Accordingly, the trial court did not abuse its discretion by awarding those appellate attorney fees.

[35] Additionally, Newman challenges 25.7 hours that Attorney York claimed between January 29, 2019, and February 5, 2019, for preparing a response to Newman's petition for rehearing in Appellate Cause No. 1721. In our memorandum decision in Appellate Cause No. 1721, we held: "[W]e conclude that Attorney York as personal representative is entitled to appellate attorney fees, and we remand to the trial court to determine the proper amount of the appellate fee award." Appellate Cause No. 1721, slip op. at 18. Newman then filed a petition for rehearing, which Attorney York responded to, and this Court denied the petition for rehearing. Our memorandum decision was broadly worded and did not limit the appellate attorney fee award; we cannot say the trial court abused its discretion by awarding appellate attorney fees for Attorney York preparing the response to Newman's petition for rehearing.

[36] Next, Newman contends that Attorney York spent too much time responding to several of Newman's pleadings. Newman instituted several frivolous appeals; filed numerous, lengthy petitions at every opportunity; and has been generally overly-litigious. Given the number, length, and often rambling nature of Newman's filings, we find Newman's argument that Attorney York spent too much time responding to Newman to be unavailing.

[37] Newman also argues that the trial court should have sanctioned Attorney York rather than awarding him appellate attorney fees. We see no indication that Newman requested such a sanction. Moreover, given Newman's litigiousness and the difficulty involved in addressing Newman's filings, we find no indication that Attorney York's requested fees were "obviously inflated," "shocking to the conscience," or "grossly excessive" as Newman contends. Appellant's Br. p. 54. Newman's contention that the trial court should have sanctioned Attorney York fails.

[38] Attorney York's requested appellate attorney fees were reasonable, and the trial court did not abuse its discretion by awarding Attorney York, as personal representative, $167,437.50 in appellate attorney fees. Although it is a large attorney fee award, it is warranted by Newman's conduct. We note that "[g]ross abuse of the right to appellate review 'crowds our court to the detriment of meritorious actions, and should not go unrebuked.'" *Posey v. Lafayette Bank & Tr. Co.*, 512 N.E.2d 155, 156 (Ind. 1987) (quoting *Marshall v. Reeves*, 262 Ind. 403, 404, 316 N.E.2d 828, 830 (1974)), *cert. denied*, 485 U.S. 988, 108 S. Ct. 1292 (1988).

## VII. Constitutional Claims

Finally, Newman contends that the appellate attorney fee award violated his rights under the Eighth Amendment and the Fourteenth Amendment of the United States Constitution and Article 1, Section 16 of the Indiana Constitution.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Similarly, Article 1, Section 16 of the Indiana Constitution provides: "Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. All penalties shall be proportioned to the nature of the offense." Newman seems to argue that the appellate attorney fee award is an excessive fine. Newman, however, cites no authority for the proposition that appellate attorney fees awarded in an estate matter, pursuant to Indiana Appellate Rule 66, qualify as an "excessive fine" under either constitutional provision. This argument is waived for Newman's failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8); *Loomis*, 764 N.E.2d at 668 (holding that the failure to present a cogent argument waives the issue for appellate review).

Newman also argues that the appellate attorney fee award violates his rights under the Privileges and Immunities Clause of the Fourteenth Amendment, which provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." Newman argues that the appellate attorney fees award was an excessive fine prohibited by the

Privileges and Immunities Clause.  Newman, however, again cites no authority for the proposition that appellate attorney fees awarded in an estate matter pursuant to Indiana Appellate Rule 66 qualify as an "excessive fine."  This argument is waived for Newman's failure to make a cogent argument.  *See* Ind. Appellate Rule 46(A)(8); *Loomis*, 764 N.E.2d at 668 (holding that the failure to present a cogent argument waives the issue for appellate review).

# Conclusion

[42]  The trial court properly awarded $167,437.50 in appellate attorney fees pursuant to multiple orders in Appellate Cause No. 2475 and Appellate Cause No. 1721.  We affirm.

[43]  Affirmed.

Kirsch, J., and Pyle, J., concur.